UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DWIGHT ERVIN ANDREWS,

                    Plaintiff,                                 Case No. 2:07-cv-232

v.                                               Honorable Robert Holmes Bell

DENVER MCBURNEY et al.,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is incarcerated at the Alger Maximum Correctional Facility (LMF).  He is bringing suit against the following LMF employees:  Denver McBurney, Sherrie Andrews, Karen Dickson, Thomas Salo, Sue Salter, and Donald Mason.  Plaintiff claims that Defendants violated prison policy, denied him access to the courts, and retaliated against him for filing grievances.

On May 2, 2006, Plaintiff presented the resident unit manager, Denver McBurney, a petition for writ of habeas corpus to be mailed to the federal court.  McBurney verified that it was legal mail, which qualified for expedited handling, and signed and dated the disbursement authorization.  When Plaintiff failed to receive a copy of the disbursement showing the document had been mailed, he wrote to Karen Dickson of the accounting department.  Ms. Dickson responded that the document was processed and mailed out on May 4, 2006.  On September 6, 2006, the Clerk of the Court received and filed Plaintiff's petition for writ of habeas corpus.  *See Andrews v. Bergh*, No. 2:06-cv-236 (W.D. Mich. Sept. 6, 2006).  The case was dismissed without prejudice on June 7, 2007, for failure to exhaust state-court remedies.

On January 24, 2007, Plaintiff left exhibits for legal photocopying and a disbursement authorization on his cell door.  The following day, law librarian Sue Salter informed Plaintiff that she had received the disbursement, but nothing was attached to the disbursement for copying.  On February 12, 2007, Plaintiff received the exhibits and photocopies.  On February 13, 2007, he filed grievances against Officers Donald Mason and Thomas Salo for mishandling and rerouting the exhibits.

Plaintiff filed two grievances against Defendant Dickson on February 11, 2007, regarding the untimely mailing of his petition for writ of habeas corpus. On March 7, 2007, Plaintiff wrote a letter to Defendant Dickson asking for a copy of the disbursement authorization dated May 2, 2006. Defendant Dickson responded that a copy of the disbursement had been sent to Plaintiff in May 2006. On June 4, 2007, Plaintiff sent a letter to the prison litigation coordinator asking for a copy of the disbursement authorization. The prison litigation coordinator advised Plaintiff that there was no evidence that a legal mail disbursement originating on May 2, 2006, had been processed. Plaintiff received a letter from the prison administrative assistant on June 19, 2007, stating that there was no evidence that the accounting department had processed a legal mail disbursement dated May 6, 2006, nor was the mailing recorded in the legal mail log. He received a second letter from the administrative assistant on August 7, 2007, stating that his petition for writ of habeas corpus had been filed and the case was closed. Therefore, it was evident that his legal mail had been processed in accordance with proper policy and procedure.

Plaintiff was transferred to a different wing of the prison on May 11, 2007. When he arrived, his personal and legal property was strewn on the floor. There was urine in the footlocker, and feces on the walls, floor, bed and window frame. Officer Wickstrom refused to provide Plaintiff with cleaning products. Plaintiff was told by Officer Salo that the health unit manager, Ruby Cheatham, had requested that Plaintiff be transferred to this cell because he was filing too many grievances and complaints against the health care staff and was a "pain in the ass."

For relief, Plaintiff seeks compensatory and punitive damages.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.    Violations of prison policy

Plaintiff claims that Defendants violated several prison policies pertaining to the handling of legal mail and legal documents. However, a state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). Section 1983 provides a remedy for violations of federal law, not state law. Defendants' alleged failure to comply with prison policies or the administrative rules does not itself rise to the level of a constitutional violation. *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Accordingly, this claim is without merit and I recommend that it be dismissed.

- 4 -

B.    Access to the courts

Plaintiff complains that he was denied access to the court when his petition for writ of habeas corpus was not mailed in accordance with prison policy, which apparently delayed the mailing for approximately four months.  The right of access to the courts is a fundamental right protected by the United States Constitution. *Swekel v. City of River Rouge*, 119 F.3d 1259, 1261 (6th Cir. 1997).  This right encompasses a person's right to physically access the court system and ensures that the access will be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822 (1997).  The right of access to the courts prohibits prison officials from "actively interfering with inmates' attempts to prepare legal documents, or file them." *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  In order to state a viable claim for denial of access to the courts, a prisoner must allege an actual injury. *Id.* at 351; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  Therefore, a prisoner must show actual prejudice to pending or contemplated litigation. *Lewis*, 518 U.S. at 351.  Actual prejudice includes having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *See Harbin-Bey*, 420 F.3d at 578.

Plaintiff has failed to allege facts demonstrating an actual injury.  He intended to mail his petition for writ of habeas corpus on May 2, 2006.  It was received and filed by the Clerk of the Court on September 6, 2006, and the respondent was served on September 21, 2006.  Plaintiff's claims were reviewed by the court.  The case was dismissed without prejudice for failure to exhaust state law remedies.  The court noted that there were state remedies available to Petitioner as Petitioner could file a petition for writ of habeas corpus in the state court claiming that he was being incarcerated beyond his prison term. *See Andrews v. Bergh*, No. 2:06-cv-236 (W.D. Mich.

Sept. 6, 2006) (docket #20).  Plaintiff was not denied access to the court.  The delay in filing the petition for writ of habeas corpus did not result in an injury.  Accordingly, I recommend that this claim be dismissed.

        C.     <u>Retaliation</u>

Plaintiff claims that Defendants retaliated against him because of the grievances that he filed.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X*, 175 F.3d at 394.  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*  Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).  Plaintiff's allegations, however, do not support his claim that his grievances motivated the Defendants' actions. Defendants Mason and Salo allegedly mishandled Plaintiff's exhibits that he had set out for photocopying, but Plaintiff does not allege that he had previously filed grievances against either of these Defendants.  Later, on February 13, 2007, he filed grievances against Defendants Mason and Salo, and on February 11,

2007 he filed a grievance against Defendant Dickson.  Three months later, on May 11, 2007, he was transferred to a different wing and placed in an unsanitary cell.  There are no allegations demonstrating that Defendants Mason, Salo or Dickson were responsible for Plaintiff's transfer or the condition of the cell.  It was Officer Wickstrom, who Plaintiff had not previously grieved, that refused to provide him with cleaning products.  Moreover, Plaintiff was informed that the health unit manager had requested Plaintiff's transfer to the unsanitary cell because Plaintiff was filing too many grievances and complaints against the health care staff.  Plaintiff, however, has not alleged that he filed grievances against the health care staff, and has not named the health unit manager as a defendant in this suit.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985).  "[A]lleging merely the ultimate fact of retaliation is insufficient."  *Murphy*, 833 F.2d at 108.  "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'"  *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).  Plaintiff merely alleges the ultimate fact of retaliation in this action.  He has not presented any facts to support his conclusion that Defendants retaliated against him because he filed

grievances against other prison employees.  Accordingly, his speculative allegation fails to state a claim.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 22, 2008


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).